IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| SHIRLEY ANN HINTON, | ) | |
| | ) | Civil No. 07-1148-JE |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LORI HUMBERT, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| Respondent. | ) | |

    Kevin T. Lafky
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Lester R. Huntsinger
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

///

    1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 seeking to challenge the legality of her underlying state court convictions. For the reasons which follow, the Petition for Writ of Habeas Corpus (#1) should be denied.

## BACKGROUND

In 1998, the Benton County Grand Jury returned a 24-count indictment charging petitioner with 11 counts of Sodomy in the First Degree, nine counts of Sexual Abuse in the First Degree, and one count each of Rape in the First Degree, Sexual Penetration with a Foreign Object in the First Degree, Sodomy in the Second Degree, and Using a Child in a Display of Sexually Explicit Conduct. Respondent's Exhibit 103. Based on these charges, petitioner faced the possibility of a 183-year sentence (without using any departure grounds),[1] prompting her to enter an *Alford* plea to six counts of Sexual Abuse in the First Degree.[2] The Plea Petition stated that the maximum sentence the trial court could impose was 226 months. Respondent's Exhibit 104. The trial court, however, believed the maximum allowable sentence to be 496 months, and it sentenced

---

[1] Respondent's Exhibit 130, p. 3.

[2] Pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), a court may accept a guilty plea despite defendant's claims of innocence where the defendant intelligently concludes that his best interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt.

2 - FINDINGS AND RECOMMENDATION

petitioner to 366 months in prison.  Respondent's Exhibit 146, p. 1.

Petitioner took a direct appeal in which he filed a *Balfour* brief which did not contain Section B.[3]  The Oregon Court of Appeals affirmed the trial court without issuing a written decision.  *State v. Hinton*, 172 Or.App. 483, 19 P.3d 390 (2001). Petitioner did not seek review from the Oregon Supreme Court.

Petitioner next filed for post-conviction relief ("PCR") in Marion County where the PCR trial court found that petitioner entered her plea knowingly and voluntarily as to a 226-month sentence, and that she was not denied the effective assistance of counsel.  Respondent's Exhibit 130.  It did, however, grant PCR relief on the basis that petitioner was sentenced to a longer term of incarceration than the maximum reflected in the Plea Petition, therefore she had not entered a knowing and voluntary plea as to any sentence in excess of 226 months.  Respondent's Exhibit 130. The PCR trial court elected to remand the case to the Benton County Circuit Court to impose a sentence consistent with the Plea

---

[3] The *Balfour* procedure provides that counsel need not ethically withdraw when faced with only frivolous issues. Rather, the attorney may file Section A of an appellant's brief containing a statement of the case sufficient to "apprise the appellate court of the jurisdictional basis for the appeal."  The defendant may then file the Section B segment of the brief containing any assignments of error she wishes.  *State v. Balfour*, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

3 - FINDINGS AND RECOMMENDATION

Petition, or to proceed to trial on the indictment. *Id.* It did not vacate petitioner's convictions.

Petitioner disagreed with this form of relief and appealed the decision. Specifically, she claimed that the PCR trial court erred when it found that she had not been the victim of ineffective assistance of counsel, and when the PCR trial court vacated her sentences without also invalidating her *Alford* pleas.[4] The Oregon Court of Appeals agreed, concluding that "[b]ecause evidence in the record supports the post-conviction court's finding that petitioner was not informed of the maximum sentences for the crimes of which she was convicted, it follows that she was denied adequate assistance of counsel under Article I, section 11, and the Sixth Amendment." *Hinton v. Hill*, 197 Or.App. 238, 243 105 P.3d 923, 926 (2005). It also determined that Oregon law required the PCR trial court to treat petitioner's convictions as void. 197 Or.App. at 245, 105 P.3d 927.

The State petitioned the Oregon Court of Appeals for reconsideration, and the appellate court clarified and adhered to its former opinion. *Hinton v. Hill*, 201 Or.App. 131, 117 P.3d 1066 (2005). The State then petitioned the Oregon Supreme Court for review to determine whether the PCR trial court acted permissibly when it remanded the case to Benton County for resentencing without

---

[4] Petitioner also challenged a decision by the PCR trial court to supplement the record. This claim was not addressed by the Oregon Court of Appeals.

4 - FINDINGS AND RECOMMENDATION

also invalidating the underlying convictions. The Oregon Supreme Court agreed with the State's position that, under Oregon law, the PCR trial court acted within its discretion when it declined to vacate petitioner's convictions. Thus, it reversed the decision of the Oregon Court of Appeals, and affirmed the judgment of the PCR trial court. Respondent's Exhibit 146.

Petitioner moved for reconsideration of that decision, but the request was denied on February 6, 2008. Respondent's Exhibit 148. She proceeded to re-sentencing in 2007 where the Benton County Circuit Court imposed consecutive prison terms totaling 226 months. Petitioner's direct appeal pertaining to that sentence is currently pending.

Petitioner filed her Petition for Writ of Habeas Corpus on August 3, 2007 raising the following claims:

1. Petitioner's plea was not knowingly, voluntarily and intelligently made because she was not informed of the maximum sentence she could receive prior to entering her guilty plea;

2. Petitioner was denied effective assistance of trial counsel when counsel failed to:

   a. Adequately inform petitioner of the factual basis necessary to enter a plea of no contest;

   b. Adequately investigate and present petitioner's case;

   c. Present mitigating evidence at petitioner's sentencing; and

   d. Adequately consult with or provide important and relevant information to

5 - FINDINGS AND RECOMMENDATION

>           experts hired by the defense to testify
>           at petitioner's sentencing hearing.
>
>   3.    Petitioner's sentences were vacated, but not the
>         underlying convictions that were obtained in
>         violation of the Oregon and United States
>         Constitutions; and
>
>   4.    Evidence outside of the trial record was gathered
>         independently and *ex parte* by the post-conviction
>         judge in violation of the Oregon and United States
>         Constitutions and used to supplement the record
>         before the post-conviction court and subsequent
>         appellate courts.

Petition for Writ of Habeas Corpus (#1).

Respondent asks the court to deny relief on the Petition because: (1) Grounds Three and Four are not properly pled; (2) Grounds 2(b), 2(c), 2(d), and Four were not fairly presented to the Oregon state courts and are now procedurally defaulted; and (3) petitioner's claims lack merit.  Because petitioner's claims fail on their merits, the court declines to decide the exhaustion issue.  *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.").

## DISCUSSION

**I.   Standard of Review.**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by

6 - FINDINGS AND RECOMMENDATION

the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine

7 - FINDINGS AND RECOMMENDATION

whether the state court clearly erred in its application of Supreme Court law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). In such an instance, although the court independently reviews the record, it still lends deference to the state court's ultimate decision. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

**II.  Ground One: Unknowing and Involuntary *Alford* Plea**.

Petitioner alleges that her guilty plea was not knowingly or voluntarily entered because she was not informed of the maximum sentence she might receive. Due process requires that a defendant's guilty plea be voluntary and intelligent. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). A guilty plea is voluntary if it is given by a defendant who is fully aware of the direct consequences of her plea. *Mabry v. Johnson*, 467 U.S. 504, 509 (1984); *Brady v. United States*, 397 U.S. 742, 755 (1970).

As discussed in the Background of this Opinion, the Plea Petition informed petitioner that her outer exposure at sentencing would be 226 months. Even though petitioner entered her plea to six counts of Sexual Abuse with the understanding that her sentence could not exceed 226 months' incarceration, the trial court nevertheless proceeded to impose a 366-month sentence. The Oregon state courts remedied this error when they remanded her case for re-sentencing, specifying that any re-sentencing not exceed 226 months.

8 - FINDINGS AND RECOMMENDATION

On remand, petitioner was ultimately sentenced to 226 months in prison, the outer range of the sentencing parameters set out in her Plea Petition. As it is undisputed that petitioner understood that she might be sentenced to 226 months, she cannot prevail on her due process claim now that her sentence has been corrected to not exceed what she understood to be the maximum sentence at the time she entered her plea.

## II. Ground Two: Ineffective Assistance of Counsel.

The Ninth Circuit has concluded that a habeas corpus petitioner cannot prevail on an ineffective assistance of counsel claim arising out of a non-capital sentencing proceeding because there is no clearly established federal law on point. *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244; *Davis v. Grigas*, 443 F.3d 1155, 1158 (2006). However, even assuming that the Supreme Court's traditional test for ineffective assistance of counsel applies to non-capital sentencing proceedings, petitioner is not entitled to relief.

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must

9 - FINDINGS AND RECOMMENDATION

indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. In proving prejudice, a petitioner who has pled guilty or no contest to an offense must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have entered such a plea and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner first asserts that counsel was constitutionally ineffective for failing to properly advise her of the potential sentence she faced at trial. But, for the reasons discussed above, petitioner cannot prove that she was prejudiced by any erroneous advice rendered by counsel. While she focuses on the fact that she faced a possible 496-month sentence, her 366-month sentence was adjusted downward to 226 months precisely because the 226-month figure is consistent with her understanding at the time she entered her plea. As she comes to this court, she expected a sentence of no more than 226 months, and that is exactly the sentence she is serving. Because petitioner cannot demonstrate prejudice, she is not entitled to relief on Ground 2(A).

With respect to the remainder of her claims of ineffective assistance of counsel, petitioner simply argues that counsel failed to call favorable witnesses at her sentencing, and failed to refute certain unidentified portions of "previous depositions given by Hinton and letters containing hearsay attributed to Hinton which were subsequently used by the State to question her credibility." Reply (#38), pp. 18-19. Petitioner fails to identify which witnesses should have been called, and what those witnesses could have testified to. She also fails to identify the relevant depositions and letters to which she refers, and the parts thereof, that make up her claim. Petitioner bears the burden of proof in this proceeding, and she has not met it. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002). In addition, the court's independent review of the record provides no apparent basis upon which to grant relief on these claims. Moreover, as stated above, there is no clearly established federal law to apply to the quality of representation during a non-capital sentencing proceeding.

### III. Ground Three: Failure to Vacate Convictions.

Petitioner asserts a constitutional violation based on the Oregon state courts' failure to vacate her convictions along with her sentence. Assuming that Ground Three of the Petition properly states a claim as simply arising out of the "United States Constitution," petitioner cannot prevail on this claim because it involves an interpretation of Oregon's state laws.

The Oregon Supreme Court's decision on this issue was limited to an interpretation of ORS 138.520. Specifically, the Oregon Supreme Court was asked only to consider whether "after a petitioner has established entitlement to post-conviction relief under ORS 138.530(1), the post-conviction court may cure the violation of petitioner's constitutional rights with a remedy other than vacating petitioner's no contest pleas." *Hinton*, 342 Or. at 226. The Oregon Supreme Court determined that the PCR trial court properly exercised its discretion in fashioning this relief. *Id* at 231.

Although petitioner attempts to cast this claim as one arising out of the Sixth Amendment, it was presented to Oregon's state courts only as a question of statutory interpretation (leaving the federal question unpreserved for federal review). Such a question of state law interpretation is not a proper basis for federal habeas corpus relief. *See Bains v. Cambra*, 204 F.3d 964, 972 (9th Cir. 2000) ("a federal court is bound by the state court's interpretations of state law.") (*citing Wainwright v. Goode*, 464 U.S. 78, 84 (1983)); *see also Peltier v. Wright*, 15 F.3d 860, 862 (9th Cir. 1994) (state courts are the ultimate expositors of state law); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir. 2002) ("A state

court has the last word on the interpretation of state law.") (citing *McSherry v. Block*, 880 F.2d 1049, 1052 (9th Cir. 1989)). In any event, there can be no constitutional violation where the state courts' ultimate sentence was consistent with petitioner's Plea Petition.

**IV.   Ground Four:   Ex Parte Evidence Gathering by the PCR Trial Court.**

Finally, petitioner raises a violation of the "United States Constitution" based on the fact that the PCR trial court, on its own initiative, gathered evidence favorable to the State and used it to supplement the record. Again, assuming this claim is properly pled, petitioner is not entitled to relief.

The PCR trial judge found the need to supplement the record in this case. Her own description of this is as follows:

> . . .[I]n reviewing the transcript of the plea, it became apparent to the Court that there was a portion of the proceeding that was not included in the record, to-wit: State's Exhibit 1. Therefore, the Court asked the Deputy District Attorney at Benton County to provide an affidavit together with "Exhibit 1". The affidavit with exhibit attached was received on February 24, 2003, marked as Court's Exhibit A, and provided to counsel. Petitioner's counsel moved to strike the exhibit; a hearing was held on March 5, 2003; and petitioner's motion was denied and Court's Exhibit A was received into the record. Counsel was allowed until March 18, 2003, to brief the matter; those briefs having been received, the matter was again taken under advisement on that date.

Respondent's Exhibit 130, p. 1.

According to petitioner, the PCR trial judge solicited this additional evidence in order to help establish that petitioner was

13 - FINDINGS AND RECOMMENDATION

aware that she could be sentenced to 496 months at the time she entered her plea. It does not appear that the PCR trial judge used this information when reaching her decision as shown by the following footnote:

> It is quite possible that there is evidence that Petitioner **was** informed of the maximum sentences she could receive, perhaps in the form of other court proceedings (arraignment), an affidavit from trial counsel or an affidavit from the District Attorney. Defendant chose not to present the court with this evidence.

*See* Respondent's Exhibit 130, p. 2 n. 1 (bold in original).

But even though this evidence was in the record, the Oregon state courts (including the PCR trial judge) concluded that petitioner was improperly sentenced beyond the 226-month figure contained in the Plea Petition, resulting in a remand for resentencing consistent with the Plea Petition. As such, petitioner cannot establish a constitutional violation.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) should be DENIED, and a judgment should be entered DISMISSING this case with prejudice.

## SCHEDULING ORDER

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's

14 - FINDINGS AND RECOMMENDATION

judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue, and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

    IT IS SO ORDERED.

    DATED this  11th  day of December, 2008.

                                    /s/ John Jelderks  
                                      John Jelderks  
                                      United States Magistrate Judge